# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ALBERTINO CRISOSTOMO,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 4:12-cv-2232-JHH-MHH |
| | ) |
| **ERIC HOLDER, JR., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 2241, Albertino Crisostomo filed a petition before the Court seeking to be released from the custody of the Department of Homeland Security while he awaits repatriation to Cape Verde. (Doc. 1). When Mr. Crisostomo filed his petition on June 21, 2012, he was housed at the Etowah County Detention Center. (*Id*. at p. 2).

On December 4, 2012, the Government filed a motion to dismiss Mr. Crisostomo's petition on the grounds that the petition is moot. (Doc. 7). In support of the motion, the Government attached a declaration from Gerald Smith, Assistant Field Office Director of the U.S. Immigration and Customs Enforcement facility at Gadsden, Alabama. (Doc. 7-1). According to the declaration, ICE released Mr. Crisostomo from custody on September 5, 2012. (*Id*. at p. 1).

By order dated May 9, 2013, the Court notified Mr. Crisostomo that if he

wished to maintain his petition, he should provide materials in opposition to the motion to dismiss. (Doc. 8). The Clerk of Court mailed the May 9, 2013 order to Mr. Crisostomo at the address provided in the record. The postal service returned the order and noted on the enveloped that is was unable to forward the order. The envelope also bears a stamp that states, "Return to sender...released." (Doc. 9). The Court has no alternative address for Mr. Crisostomo. To date, Mr. Crisostomo has not responded to the pending motion to dismiss.

Accordingly, based upon the undisputed evidence in the record and Mr. Crisostomo's failure to respond to the pending motion to dismiss, the Court finds that Mr. Crisostomo has received the relief that he sought in his petition. Because there no longer is a case or controversy between the parties, Mr. Crisostomo's § 2241 petition is moot. Therefore, the undersigned magistrate judge respectfully recommends that the District Court dismiss the petition for writ of *habeas corpus*.[1]

## Procedure for Objections

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written

---

[1] *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("'Moot questions require no answer.' *Missouri, Kansas & Texas R. Co. v. Ferris*, 179 U.S. 602, 606 (1900). Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions,' *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314 (1893)."); *Garey v. Federal Detention Center, Miami*, 180 Fed. Appx. 118, 120-21 (11th Cir. 2006) (vacating district court's § 2241 order for lack of jurisdiction where petitioner's claim was moot because the court could not provide the petitioner "with meaningful relief in the context of his §2241 petition.")

objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence,

recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Mr. Crisostomo at his most recent known address, and to serve a copy upon the U.S. Attorney for the Northern District of Alabama.

Done, this the 19th day of July, 2013.

*/s/ Madeline H. Haikala*

MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE